IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-50462

_____

_____

BRENDA L STUCKY, doing business as Bill's Wrecker Service;
RICHARD VILLANEVA, doing business as Creswells 24 Hour Wrecker
Service

                    Plaintiffs - Counter Defendants - Appellants

        v.

CITY OF SAN ANTONIO;

                    Defendant - Counter Plaintiff - Appellee

TEXAS TOWING CORPORATION

                    Intervenor Defendant - Counter Plaintiff -
                    Appellee

_____

Appeal from the United States District Court for the
Western District of Texas, San Antonio
_____

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

September 17, 2002

Before KING, Chief Judge, and REAVLEY and JONES, Circuit Judges.

PER CURIAM:

     In this case, Plaintiffs-Counter Defendants Brenda L. Stucky
and Richard Villaneva, owners of towing companies in San Antonio,
Texas, appealed to this court from the district court's award of
summary judgment on the basis that 49 U.S.C. § 14501(c) does not

preempt certain ordinances prohibiting tow trucks from removing disabled vehicles from public streets without being directed to do so by the city and creating an option to extend the city's exclusive contract with a rival towing company. On review of this ruling, we reversed the district court's decision and remanded the case for further proceedings. See Stucky v. City of San Antonio, 260 F.3d 424, 446 (5th Cir. 2001).

Thereafter, the United States Supreme Court granted the applications for writ of certiorari filed by Defendant-Counter Plaintiff the City of San Antonio and Intervenor Defendant-Counter Plaintiff Texas Towing Corporation, vacated our prior judgment, and ordered the "case remanded to the United States Court of Appeals for the Fifth Circuit for further consideration in light of City of Columbus v. Ours Garage and Wrecker Service, Inc., 536 U.S. –, 122 S. Ct. 2226, – L. Ed. 2d – (2002)." City of San Antonio v. Stucky, – U.S. – , 122 S. Ct. 2617 (2002).

Pursuant to the Supreme Court's remand, we now remand the case to the district court for further consideration in light of Ours Garage, with specific instructions at least to address whether San Antonio Wrecker Code section 19-391 and City Ordinance 77716 are appropriately characterized as exercises of the "safety regulatory authority of a state with respect to motor vehicles," the statutory exception to 49 U.S.C. § 14501(c) preemption addressed in Ours Garage, and for disposition.

REMANDED.